IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TUFANO,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY ERIKSSON, et al.,<br><br>Defendants. | : Civ. No. 3:26-CV-1016<br>:<br>:<br>: (Judge Saporito)<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>: |

## REPORT AND RECOMMENDATION

### I. Introduction

This case comes before us for consideration of a motion to dismiss filed by two of the defendants, Dr. Mehryar Ray Taban, M.D., and Mehryar Taban MD Inc. (collectively, the "Taban Defendants").[1] The *pro se* plaintiff, Frank Tufano, filed this action on April 20, 2026, alleging that the defendants conspired to stop him from speaking publicly about a surgery Dr. Taban performed on Tufano, which Tufano was unsatisfied with the procedure.[2] The Taban Defendants subsequently filed the

[1] Doc. 7.
[2] *See generally* Doc. 1.

instant motion to dismiss, arguing that this court lacks personal jurisdiction over them.[3]

After consideration, we agree and will recommend that the defendants' motion be granted.

## II. Background

Tufano filed this action against the Taban Defendants and an individual named Anthony Eriksson, whom he claims he hired to pass out flyers outside of Dr. Taban's office.[4] The complaint asserts that Tufano hired Eriksson to pass out these flyers and "spread awareness of medical malpractice[.]"[5] Tufano alleges that after several months of tracking Eriksson's location, he realized Eriksson was not in his designated location, which Tufano presumes is due to Dr. Taban or someone associated with him influencing Eriksson to stop handing out the flyers.[6] After he fired Eriksson, Tufano allegedly received text messages from several different phone numbers and claims that videos

[3] Doc. 7. The Taban Defendants also assert that they were never properly served by Tufano. *See* Doc. 9 at 1.
[4] Doc. 1 at 1.
[5] *Id.*
[6] *Id.* at 1-2.

were posted on social media, which he characterizes as "an organized gangstalking operation" against him.[7]

Based on these assertions, Tufano asserts seven claims against the defendants. As to the Taban Defendants, Tufano brings claims of civil conspiracy, tortious interference, theft of services, and a violation of Tufano's First Amendment right to freedom of speech.[8] He seeks compensatory and punitive damages from these defendants.[9] Additionally, Tufano has filed a motion for temporary restraining order ("TRO"), requesting that this court enjoin the defendants from contacting Tufano's employees handing out flyers in California.[10]

The Taban Defendants move to dismiss the claims against them, arguing that this court lacks personal jurisdiction over them.[11] For his part, Tufano's opposition provides no legal bases for exercising jurisdiction over these out of state defendants other than his assertion that the alleged conduct "disrupted his Pennsylvania business

---

[7] *Id.* at 2.
[8] *Id.* at 3-5.
[9] *Id.* at 5-6.
[10] Doc. 2.
[11] Doc. 7.

relationship" with his employee, Eriksson.[12] After consideration, we conclude that the court lacks personal jurisdiction over the Taban Defendants. Accordingly, we recommend that the motion to dismiss be granted, and Tufano's motion for TRO be denied.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. When such a motion is filed, "the plaintiff bears the burden of proving that personal jurisdiction is proper."[13] "To the extent that a defendant files opposing affidavits or depositions, a plaintiff may not rest on mere allegations in the complaint but must support such jurisdictional allegations with appropriate affidavits or other evidence."[14]

### B. The Defendants' Motion to Dismiss should be Granted.

The Taban Defendants contend that this court lacks personal jurisdiction over them. The motion asserts that Dr. Taban resides, and

[12] Doc. 10 at 2.
[13] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998) (citing *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).
[14] *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 722 (E.D. Pa. 1999).

his practice operates, in Los Angeles, California.[15] Dr. Taban is not licensed to practice medicine in Pennsylvania; does not do business, advertise, or market his services in Pennsylvania; does not hold any professional licenses in Pennsylvania; and has never owned real estate, personal or commercial, in Pennsylvania.[16] Further, he asserts that none of the alleged conduct in this matter took place in Pennsylvania.[17] As we have noted, Tufano's only assertion in favor of personal jurisdiction appears to be that he felt the effects of the Taban Defendants' alleged conduct on his business relationship, which operates in Pennsylvania.[18] As we will discuss, we conclude that this court lacks personal jurisdiction over the Taban Defendants as to the claims brought against them.

Rule 4(k) of the Federal Rules of Civil Procedure provides for personal jurisdiction over a non-resident defendant who has been served and "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"[19] Pennsylvania courts may

---

[15] Doc. 7 ¶¶ 5-8.
[16] *Id.* ¶¶ 9-19.
[17] *Id.* ¶ 21.
[18] *See* Doc. 10.
[19] Fed. R. Civ. P. 4(k)(1)(A). Rule 4(k) also provides for jurisdiction "when authorized by a federal statute." Fed. R. Civ. P. 4(k(1)(C). But Tufano's First Amendment and conspiracy claims, which are arguably the only

exercise personal jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States."[20]

The Due Process Clause permits a court to exercise personal jurisdiction over a defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[21] Courts have recognized two types of personal jurisdiction under these principles—general jurisdiction and specific jurisdiction.[22] "General jurisdiction exists when a defendant has maintained systematic and

---

federal claims asserted against these defendants, are fatally flawed. To the extent Tufano asserts his claims under 42 U.S.C. § 1983, he has failed to name any defendant who can be characterized as a state actor. *See* 42 U.S.C. § 1983; *Benn v. Universal Health Sys.*, 371 F.3d 165, 169–70 (3d Cir. 2004). Further, while Section 1985 encompasses conspiracies by private actors, Tufano does not allege that the defendants denied him equal protection of the laws. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Thus, we do not believe the exercise of personal jurisdiction over the Taban Defendants on the grounds of a federal statute is appropriate in this case.

[20] 42 Pa. Const. Stat. § 5322(b).

[21] *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted).

[22] *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

continuous contacts with the forum state."[23] On the other hand, in order to exercise specific jurisdiction, a claim must "arise[ ] from or relate[ ] to conduct purposely directed at the forum state."[24] Here, even liberally construing Tufano's assertions of personal jurisdiction, we cannot conclude that he is asserting that Pennsylvania has general jurisdiction over the Taban Defendants; rather, he appears to allege that these defendants specifically directed their conduct at Pennsylvania.[25] Accordingly, we will analyze whether specific jurisdiction exists over the claims against these defendants.

The Third Circuit has established a three-part inquiry to determine whether specific jurisdiction exists.[26] Courts must determine whether: (1) the defendant "purposefully directed his activities at the forum"; (2) the claim at issue "arise[s] out of or relate[s] to" the defendant's activities; and (3) consideration of other factors ensures that jurisdiction

[23] *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8 (1984)).
[24] *Id.*
[25] *See* Doc. 10.
[26] *Marten*, 499 F.3d at 296.

"comport[s] with fair play and substantial justice."[27] We must analyze jurisdiction on a claim-by-claim basis.[28]

Further, with respect to intentional tort claims, an additional analysis considers whether the exercise of jurisdiction is appropriate based on "the effects of the defendant's actions in the forum state."[29] This analysis requires satisfaction of three elements:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.[30]

"Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements."[31]

After consideration, it is clear that Tufano cannot establish that this court should exercise personal jurisdiction over the Taban

---

[27] *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) and *Helicopteros*, 466 U.S. at 414) (cleaned up).
[28] *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).
[29] *Vizant Technologies, LLC v. Whitechurch*, 97 F. Supp. 3d 618, 628 (E.D. Pa. 2015) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).
[30] *Marten*, 499 F.3d at 297 (citations omitted).
[31] *Id.* (citing *IMO Indus.*, 155 F.3d at 266).

Defendants. As we have noted, there is no credible argument that the Taban Defendants have systematic and continuous contacts with Pennsylvania such that general jurisdiction exists. Rather, it is clear from the defendants' undisputed assertions in their motion that Dr. Taban and his practice have virtually no business in or connection with Pennsylvania.

Additionally, Tufano fails to establish specific jurisdiction because we cannot conclude that Dr. Taban or his practice directed their alleged activities at Pennsylvania. Tufano's complaint alleges that Dr. Taban and his practice, both in California, influenced an individual working for Tufano in California, to stop passing out Tufano's flyers. Tufano's contention that this action was directed toward Pennsylvania because that is where Tufano resides and from where he operates his business is simply not enough to establish specific jurisdiction. Indeed, as the Supreme Court has noted, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis

for its jurisdiction over him."[32] Accordingly, we conclude that Tufano has failed to show that the Taban Defendants purposefully directed their conduct at Pennsylvania such that specific personal jurisdiction over them exists.

In a similar vein, we conclude that Tufano fails to establish jurisdiction using the *Calder* effects test. Tufano asserts that the Taban Defendants' actions affected him as well as his business that he operates from his residence in Pennsylvania. But Tufano has not alleged that the Taban Defendants "expressly aimed" their conduct at Pennsylvania. To meet this element, Tufano must "show that the defendant manifest[ed] behavior intentionally targeted at and focused on the forum."[33] It is not enough that the defendants may have engaged in conduct that "could cause foreseeable harm in a given state[.]"[34] Here, Tufano's complaint alleges that the Taban Defendants worked to stop Tufano from speaking out about his surgery in California. There are no allegations from which

---

[32] *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *see also Total Interactive Events, LLC v. Special Ops Production House*, 2025 WL 864409, at *6 (D.N.J. Mar. 19, 2025) (finding that the "[p]laintiff's mere presence in New Jersey is insufficient" to establish specific personal jurisdiction).
[33] *Marten*, 499 F.3d at 298 (internal quotations and citations omitted).
[34] *Id.* at 297.

we can even infer that this conduct was directed at Pennsylvania other than the fact that Tufano resides and operates his business in Pennsylvania. This is particularly so in light of the defendants' assertions that Dr. Taban and his practice conduct no business, marketing, advertising, or services in Pennsylvania, and that Dr. Taban is not licensed to practice medicine in Pennsylvania. Thus, because the alleged conduct provides "no indication that the [conduct] was targeted . . . at anyone in Pennsylvania other than [the plaintiff],"[35] we cannot conclude that Tufano has established that we may exercise personal jurisdiction over the Taban Defendants. Accordingly, the Taban Defendants' motion should be granted.

Finally, Tufano's motion for TRO requests that we enjoin these defendants from contacting or engaging in conversation with Tufano's employees who are handing out materials in California on Tufano's behalf.[36] A plaintiff seeking preliminary injunctive relief such as TRO "must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting

[35] *Remick*, 238 F.3d at 259.
[36] Doc. 2.

preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."[37] "The 'failure to establish any element . . . renders a preliminary injunction inappropriate.'"[38] The Supreme Court has underscored that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."[39]

Here, because we have concluded that the court lacks personal jurisdiction over these defendants, Tufano cannot show a likelihood of success on the merits of his claims against them.[40] Accordingly, the motion for TRO should be denied.

---

[37] *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)).

[38] *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citation omitted).

[39] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation and quotation marks omitted).

[40] *See e.g.*, *Wurth USA, Inc. v. Thompson*, 2021 WL 5866899, at *1 (D.N.J. Dec. 10, 2021) (denying a request for TRO where the defendants "raised credible arguments that this Court lacks personal jurisdiction over the Defendants . . .").

## IV. Recommendation

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the defendants' motion to dismiss be GRANTED, and the plaintiff's motion for TRO be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of July 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge